OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Columbus Bar Assn. v. Pugh.
[Cite as Columbus Bar Association v. Pugh (1994),          Ohio
St.3d            .]
Attorneys at law -- Misconduct -- Two-year suspension with
     final six months suspended on monitored probation with
     conditions -- Failing to maintain trust funds in a
     separate bank account -- Illegal conduct involving moral
     turpitude -- Conduct involving dishonesty, fraud, deceit
     or misrepresentation -- Conduct prejudicial to the
     administration of justice -- Conduct adversely reflecting
     on fitness to practice law -- Failing to maintain proper
     records of a client.
     (No. 93-1715 -- Submitted November 9, 1993 -- Decided
January 26, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-39.
     In a complaint filed on June 22, 1992, relator, Columbus
Bar Association, charged respondent, Terry P. Pugh of Dublin,
Ohio, Attorney Registration No. 0022942, with three counts of
misconduct alleging numerous violations of the Code of
Professional Responsibility.  In his answer, respondent
admitted certain factual allegations contained in the third
count but denied that he had committed any of the disciplinary
infractions set forth in that count.  Respondent essentially
denied the allegations contained in the other two counts and
any disciplinary infractions relating thereto.  Thereafter, a
panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court ("board") held a hearing on the
matter on April 23, 1993.  Respondent had previously received a
public reprimand on June 19, 1985 for violating DR 6-101(A)(3)
(neglecting legal matters entrusted to him).  Columbus Bar
Assn. v. Pugh, D.D. No. 85-14, 18 Ohio Official Reports Advance
Sheets, No. 1 (June 24, 1985), at A-4.
     At the beginning of the hearing, respondent stipulated to
each of the alleged violations of the complaint.  As to the
first count, it was admitted that respondent had no
professional banking account other than an IOLTA Trust Account
with Fifth Third Bank.  Respondent routinely used his trust

account as a depository for both legal fees and trust funds, and paid office operating expenses and personal expenses with checks drawn upon his trust account. The panel concluded that he had violated DR 9-102(A) (failing to maintain trust funds in a separate bank account).

As to the second count, it was stipulated that in September 1991, National Disposal Company ("NADCO") was experiencing financial difficulties, and its bank accounts were subject to attachment by creditors. Respondent, who had been in-house counsel for NADCO, used his trust account during September through November 1991 to secretly deposit NADCO funds and to make payments on behalf of NADCO for its payroll and office expenses and for its officers' personal expenses. The panel concluded that respondent had violated DR 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).

As to the third count, it was admitted that in September or October 1991, respondent represented Classic Granite & Marble, Inc. ("Classic") in a civil dispute with Everett Express, Inc. ("Everett") in which Everett had secured a judgment against Classic in the Franklin County Common Pleas Court. On October 14, 1991, respondent delivered a trust account check made payable to Everett's counsel as "trustee" for Everett in the sum of $12,060 to settle the dispute. Everett's counsel deposited the check in his trust account and was subsequently notified that the check had been dishonored because of insufficient funds. Respondent knew or should have known that there were insufficient funds in his trust account to cover his check. On October 22, 1991, respondent returned trust funds to Classic in the amount of $11,000. The panel concluded that respondent had violated DR 1-102(A)(3), (4), (5), and (6), as well as DR 9-102(B)(3) (failing to maintain proper records of a client coming into attorney's possession).

Although admitting that he had committed the disciplinary violations, respondent offered evidence in mitigation. Respondent claimed that he had been an alcoholic for twenty years. In March 1990, he completed an inpatient program at Brighton Hospital in Michigan and was advised to attend Alcoholics Anonymous meetings. Respondent claimed that he suffered a relapse about thirteen months after his discharge. On the advice of his attorney, respondent entered relator's Lawyers Assistance Program about three weeks prior to the hearing to help his alcohol problem. Respondent blamed the disciplinary violations on his alcoholism, financial difficulties, and his clients. Respondent requested that any suspension be suspended and that he be placed on probation, with a requirement that he participate in the Lawyers Assistance Program. Respondent also contended that restitution to Everett was not warranted because of a release from judgment filed by Everett. Respondent testified that he would make restitution if ordered to do so. Relator noted that the satisfaction of judgment occurred as a result of a clerical error.

The panel determined that respondent's conduct was not the

product of his alcoholism since he had engaged in intentionally deceitful misconduct which required conscious effort. The panel was also not convinced of respondent's sincerity to effectively deal with his alcoholism. The panel recommended that respondent be suspended from the practice of law in Ohio for two years. However, the panel recommended that the final six months of that suspension be suspended with respondent placed on probation to be monitored by relator. As conditions of the suspension and probation, the panel recommended that respondent, during suspension and probation, attend Alcoholics Anonymous and/or the Lawyers Assistance Program as appropriate, submit to random alcohol testing, and maintain his continuing legal education requirements. The board adopted the findings of fact, conclusions of law, and the recommendation of the panel (except as to the CLE requirement), and further recommended that costs be taxed to respondent.

Jones, Day, Reavis & Pogue and Jeffrey A. Lipps; Gibson & Robbins-Penniman and Gus Robbins-Penniman; and Bruce A. Campbell, for relator.

James H. Banks for respondent.

Per Curiam. We agree with the board's findings and recommendation as modified. Accordingly, we suspend respondent from the practice of law in Ohio for two years; however, the final six months of that suspension are suspended and respondent is to be placed on monitored probation under the following conditions effective during suspension and probation: that respondent attend Alcoholics Anonymous and/or the Lawyers Assistance Program as appropriate, on a regular basis, with compliance to be verified by relator; that he submit to random alcohol testing to be monitored by relator; and that he maintain the necessary continuing legal education requirements. Costs taxed to respondent.

Judgment accordingly.

A.W. Sweeney, Acting C.J., Bryant, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Peggy Bryant, J., of the Tenth Appellate District, sitting for Moyer, C.J.